THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
WILLIAM CORREA TORRES, Defendant and Appellant.

No. 8733.  Argued June 16, 1941.—Decided June 20, 1941.

*Felipe Colón Díaz* for appellant.  *George A. Malcolm, Attorney General,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an appeal taken from a sentence which ordered the appellant to pay a fifty-dollar fine or to spend one day in jail for every dollar left unpaid, on conviction of a crime committed by having assaulted and battered Aida Mercedes Suárez, in Ponce, at half-past seven in the evening of July 12, 1937.

The first witness called to the stand was the victim. She said:

"We were going . . . waiting for a sister arriving from San Juan. The automobile was moving very slowly and I was seated by the door, beside my brother, who was driving. And this man came with two other girls, and slapped me in the face. Then my brother stopped the car and asked him what reason he had to do that, and he said he had done it because he was ready to sustain it, and he jumped out to fight him and we screamed and begged my brother to keep the car moving."

She added that the defendant was not drunk and that she saw him for the first time when he attacked her; that the car moved slowly "because we were watching in which (railroad?) car my sister was coming from San Juan."

Her testimony was corroborated by her brother, Julio Suárez, who was driving the car, and her sister, Irma Suárez, who was also with her.

The defendant presented several witnesses. Hortensia Correa, the defendant's sister, stated:

"When I was walking by the Artigas' grocery store, we saw that the Suárez family's car stopped beside us. Julio Suárez asked my brother if he had been the bully who had slapped his sister. Then

my brother, since he had not done it, told him: 'No, I am not a hoodlum'. Then Julio Suárez made a gesture as of taking something out of the car and we began to scream, and then, as my brother saw that I was very nervous, he told him to go.''

Her testimony was corroborated by that of Bernardina Montes, Marcelina Correa and the defendant himself.

The defendant also offered the testimony of Oscar Correa, Insular Policeman, who testified that he knew the defendant and had never seen him drunk, and that of Rafael V. Pérez Marchand, who has a knowledge of the general principles of physics and the art of driving an automobile, who said that ''any blow delivered by a body moving rapidly doubles the speed of the body that delivers the blow'' and referred his experience with a butterfly which in its flight collided with his forehead while he was driving a car, causing an injury which he had to take care of because of the severity of the blow. He then added:

''In the case of an automobile which comes down the road and a man going the other way slaps a person who is in the automobile, I do not say it is not possible, but it would be most probable that the man who delivers the blow would break his arm.''

In his brief, the appellant maintains that ''there is a conflict in the evidence but science, that is, physics, upholds the defendant's contention.''

We do not agree. Facts must prevail over theory, as they did in the conscience of the trial judge. We are not dealing with a mathematical calculation, but with a conclusion which admittedly may be reasonable but which is applied to a fact beyond the knowledge of he who sets up said conclusion.

According to the evidence, it is not physically impossible that the act charged could take place. What makes it peculiar is that generally, although not necessary for a conviction, in cases of this nature the evidence completely shows or at least indicates the motive for the offense, and here there is no explanation for the defendant's conduct. How-

930

ever, as the trial judge well said in rendering judgment, after stating that he had given full credit to the evidence for the prosecution, "the court does not see why these girls should, for no reason at all, invent the story that defendant had stricken one of them in the manner stated." The motive remained hidden, but the act stood out, and as it constitutes an offense established and punished by law, and he was accused and tried for it, the judgment of conviction rendered against him must be affirmed and the appeal dismissed.

Mr. Justice Todd, Jr., took no part in the decision of this case.